FILED

2005 Feb-08  PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **WANDA COLEMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO. CV 03-B-3420-W** |
| | ) | |
| **STILLMAN COLLEGE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Currently before the court is a Motion for Summary Judgment filed by defendant Stillman College.  (Doc. 13.)  Plaintiff Wanda Coleman filed this action pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), 29 U.S.C. § 1160 *et seq.*, alleging that defendant, her former employer for a very brief period of time, failed to timely and properly notify her of her right to elect to receive COBRA coverage, in violation of 29 U.S.C. § 1166.  (Doc. 10 at 2.)  Plaintiff also brings claims for equitable estoppel and for an alleged violation of 29 U.S.C. § 1132.  (*Id.* at 3–4.)  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion for Summary Judgment is due to be granted.

## I.  FACTUAL SUMMARY

Plaintiff began working in the bookstore at Stillman College on August 7, 2002.  (Pl.'s Br. in Opp'n to S.J. ("Pl.'s Br."), Ex. A ¶ 1.)  She applied for benefits with defendant's

medical insurance plan on that day.  (Doc. 13, Ex. B ¶ 7.)  There is no dispute that the subject plan is an "employee benefit plan" within the meaning of 29 U.S.C. § 1001 *et seq.* ("ERISA").  Plaintiff worked for defendant for a few days and then resigned from her job on or before August 13, 2002.  (Doc. 13, Ex. A.)  Under the terms of the plan, plaintiff's coverage was not due to begin until September 1, 2002, the first day of the month after she became eligible.  (Doc. 13, Ex. D, at 8.)  Due to an apparent clerical mistake, plaintiff's application for benefits was accidentally processed, despite the fact that she no longer worked for defendant.  (Doc. 13, Ex. B ¶ 9.)  Plaintiff was issued coverage, at no cost, and she received insurance cards.  (*Id.*; doc. 13, Ex. E.)  She filed claims of more than $33,000 and received over $27,000 in benefits between August 18, 2002, and December 3, 2002. (Doc. 13, Ex. B ¶ 9.)  Stillman continued to make payments on plaintiff's behalf to the plan insurer, Blue Cross Blue Shield of Alabama ("Blue Cross"), until November 30, 2002.  (Pl.'s Br., Ex. A ¶ 5.)

On or about December 12, 2002, defendant hand delivered notice to plaintiff that her insurance coverage had ceased.  (*Id.* ¶ 6.)  Plaintiff alleges both that this notice stated that she could not elect to receive COBRA coverage after September 13, 2002, and that a representative of defendant informed plaintiff at that time that she could not receive COBRA coverage unless she repaid defendant for the prior three months of premiums.  (*Id.*) Defendant provided plaintiff with a COBRA letter sometime in December.  (Doc. 13, Ex. F). Plaintiff eventually did elect to continue her coverage under COBRA, but Blue Cross canceled that coverage sometime in 2003 for nonpayment of premiums.  (Pl.'s Br., Ex. I.)

2

Plaintiff then filed this suit in the Circuit Court of Tuscaloosa County, Alabama on November 18, 2003, and defendant removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party asking for summary judgment bears the initial burden of showing that no genuine issues exist.  *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and show that there is a genuine issue for trial.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In deciding a motion for summary judgment, the judge's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Id.* at 249.  Credibility determinations, the weighing of evidence, and the drawing of inferences from the facts are left to the jury, and therefore the evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor.  *See id.* at 255.  Nevertheless, the nonmovant need not be given the benefit of every inference but only of every *reasonable* inference.  *See Brown v. City of Clewiston*, 848 F.2d 1534, 1540 n.12 (11th Cir. 1988).

# III.  DISCUSSION

**A.    Plaintiff was not a plan participant under ERISA and thus is not entitled to COBRA benefits.**

Because Stillman's medical insurance plan is an "employee benefit plan" within the meaning of ERISA, that statute applies and controls.  ERISA establishes a comprehensive program for regulating the administration of employee welfare benefit plans.  It also establishes a civil enforcement scheme for benefit plans subject to its regulations.  29 U.S.C. § 1132.  To assert a claim under ERISA, the plaintiff must be either a "participant" or a "beneficiary" of an ERISA plan.[1]  Plaintiff asserts that she is a participant in Stillman's ERISA plan because she is a former employee who received benefits.  (Pl.'s Br. at 3).  The term "participant" is defined as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer."  29 U.S.C. § 1002(7).  Because COBRA merely "provides a right to a continuation of ERISA plan coverage after termination," *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342 (11th Cir. 2000), plaintiff must first show that she was entitled to coverage as a proper participant of an ERISA plan before she may claim COBRA

---

[1]      29 U.S.C. § 1132 reads in pertinent part:
(a) Persons entitled to bring a civil action

A civil action may be brought--
(1) by a participant or beneficiary–
        (A) for the relief provided for in subsection (c) of this section, or
        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

benefits. *See Wolf*, 200 F.3d at 1342 ("[B]ecause Appellant was not entitled to benefits under Coca-Cola's ERISA plan, the district court correctly held that the 'finding by the court that plaintiff is not entitled to ERISA benefits is determinative regarding plaintiff's entitlement to benefits under COBRA.'").

The Eleventh Circuit has recognized that ERISA "imposes two requirements for participant status." *Id.* at 1340. The court set forth the two-pronged test in the following manner: "First, the plaintiff must be an employee. Second, the plaintiff must be 'according to the language of the plan itself, eligible to receive a benefit under the plan. An individual who fails on either prong lacks standing to bring a claim for benefits under a plan established pursuant to ERISA.'" *Id.* (quoting *Clark v. E.I. Dupont De Nemours & Co.*, 105 F.3d 646 (4th Cir. 1997) (table)). Johnson fails both prongs of this test. She was not an employee of Stillman on the relevant date, which is the day she would have become eligible for coverage. Furthermore, despite the fact that plaintiff actually received benefits under the plan, she clearly was never entitled to coverage "according to the language of [Stillman's] plan itself." *Id.* The policy states that, after an application is made, "coverage will begin as of the date . . . specified by your group (generally the first day of the month after you have met the eligibility requirements and applied)." (Doc. 13, Ex. D, at 8.) Stillman's plan accorded with the general rule set forth in the policy. (Pl.'s Br., Ex. H ¶ 7.) Thus, because she began work and applied for health insurance on August 7, 2002, (Pl.'s Br., Ex. A ¶ 2), plaintiff's coverage would have begun on September 1 if she had remained an employee at Stillman

until that date.[2]  However, there is no dispute that plaintiff resigned on August 13, 2002, six

days after she applied for benefits on her first day of work at the bookstore.  (Pl.'s Br., Ex. A

¶¶ 2–3.)

Because plaintiff voluntarily resigned on August 13, 2002, (*Id.* ¶ 3), she was not an

employee of Stillman on the day her coverage was to take effect, and Stillman's policy made

only "employees" and their dependents eligible for coverage, (Doc. 13, Ex. D, at 7).

Therefore, plaintiff was not entitled to benefits "according to the language of [Stillman's]

plan itself" and cannot be considered a "participant" for ERISA purposes.  *Wolf*, 200 F.3d

at 1340 (quoting *Clark v. E.I. Dupont De Nemours & Co.*, 105 F.3d 646 (4th Cir. 1997)

(table)).  Because plaintiff was not entitled to coverage under defendant's ERISA plan after

her August 13, 2002 resignation, her current claim for COBRA benefits cannot succeed.  *See*

*id.* at 1342.

**B.      Plaintiff is not eligible for COBRA benefits under COBRA regulations.**

Plaintiff points to language in COBRA's regulations to support her claim.  Those

regulations state that "a *covered employee* is any individual who is (or was) provided

coverage under a group health plan . . . by virtue of being or having been an employee."  26

C.F.R. § 54.4980B-3 (2004).  The same regulation also states that "[a]n employee (or former

employee) who is merely eligible for coverage under a group health plan is generally not a

covered employee if the employee (or former employee) is not actually covered under the

---

[2]      The insurance cards that were mistakenly sent to plaintiff stated that the
effective date of the policy was September 1, 2002.  (Doc. 13, Ex. E.)

6

plan." *Id.*  Plaintiff argues, in essence, that the court should construe this regulation in the most literal sense possible:  that because Stillman accidentally provided coverage and benefits to plaintiff, she was "actually covered" by the plan.  (Pl.'s Br. at 3.)

Plaintiff's argument is not persuasive.  First, the COBRA regulation specifies that we should look to the words of the policy at issue for a determination of who is "covered."  The regulation states that a "covered employee" is one who is "provided coverage *under a group health plan*" and who is "*actually covered under the plan.*"  26 C.F.R. § 54.4980B-3 (2004) (emphasis added).  Plaintiff attempts to ignore the requirement that the coverage provided be in accordance with such a plan and argues that the accident that led to plaintiff's months of free health insurance is sufficient to make her a covered employee.  The court disagrees and finds that the regulation applies only to employees properly, not accidentally, covered by a plan.  This reading is in line with the second prong of the test given in *Wolf.  See* 200 F.3d at 1340 (holding that a proper ERISA plaintiff must be, "*according to the language of the plan itself*, eligible to receive a benefit under the plan" (emphasis added)).

The second problem with plaintiff's argument is that she points the court to COBRA regulations.[3]  Plaintiff must first show that she was entitled to coverage as a proper participant of an ERISA plan before she may claim COBRA benefits.  *See Wolf*, 200 F.3d

_____

[3]    The title of the U.S. Code section accompanying plaintiff's cited regulation is "Failure to satisfy continuation coverage requirements of group health plans."  26 U.S.C. § 4980B.  COBRA governs such "continuation coverage," and ERISA regulations are found in volume 29 of the Code of Federal Regulations, not in volume 26 as plaintiff cites.  29 C.F.R. pt. 2509 *et seq.* (2004).

7

at 1342.  Because plaintiff was never a participant of an ERISA plan, the question of

COBRA benefits is never reached, and the COBRA regulation is irrelevant.

**C.     Plaintiff's estoppel claim is invalid under Eleventh Circuit precedent.**

Plaintiff's third count sets forth a claim that is in the nature of equitable estoppel.

Plaintiff alleges that defendant "continually provided misinformation to Plaintiff and to [Blue

Cross] regarding effective dates of Plaintiff's COBRA election period knowing that said

misinformation was inaccurate and that Plaintiff would act upon said misinformation." (Doc.

10 ¶ 22.)  Plaintiff further alleges that "[a]s a result of said misinformation, Plaintiff was not

able to, and became convinced that she could not, elect to continue coverage without resort

to a lawsuit."  (*Id.* ¶ 24.)  This latter allegation, however, is directly contradicted by the

evidence.  Plaintiff filled out and submitted a COBRA form seeking continuation coverage.

(Doc. 13, Ex. F.)  While there was some confusion involving dates on the part of Stillman,

Blue Cross's records reveal that plaintiff did elect and indeed received COBRA coverage,

which was later canceled due to plaintiff's failure to pay any premiums.  (Doc. 13, Ex. G.)

And as discussed earlier, plaintiff was never entitled to such coverage in the first place.

Stillman is entitled to judgment as a matter of law on plaintiff's estoppel claim.  A

claim for federal common-law equitable estoppel requires a showing that "the provisions of

the plan at issue are ambiguous such that reasonable persons could disagree as to their

meaning or effect, and (b) representations are made to the employee involving an oral

interpretation of the plan."  *Alday v. Container Corp. of Am.*, 906 F.2d 660, 666 (11th Cir.

1990) (citing *Kane v. Aetna Life Ins.*, 893 F.2d 1283, 1286–87 (11th Cir. 1990)).  Even

conceding arguendo that plaintiff's claim satisfies the second showing, she has not alleged any ambiguity in *the plan* at all, and thus cannot qualify for estoppel under this test.

Of course, plaintiff's most glaring difficulty in making this claim is the same as in the others: because she was never a proper participant in an ERISA plan, she is not eligible for COBRA benefits. Therefore, it is irrelevant whether she relied on statements made by Stillman's representatives, because Stillman was never obligated to provide coverage. Plaintiff relies heavily on the case of *National Companies Health Benefit Plan v. National Distributing Co.*, 929 F.2d 1558 (11th Cir. 1991), *abrogated on other grounds by Geissal v. Moore Medical Corp.*, 524 U.S. 74 (1998), but that case is easily distinguishable. The covered employee in that ERISA case, for whom the court invoked equitable estoppel to allow him to receive benefits, worked for his employer for five years, paid monthly premiums, and submitted claims in accordance with his employer's plan. 929 F.2d at 1562–63. In other words, he was a regular participant in a plan regulated by ERISA. Plaintiff never was such a participant, and thus her reliance on this case does not relieve her of her failure to meet the test set forth in *Alday* above.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, defendant's Motion for Summary Judgment is due to be granted. An Order granting defendant's Motion for Summary Judgment will be entered contemporaneously with this Opinion.

**DONE** this the <u>8th</u> day of February, 2005.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE